**FILED**

**May 2, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **G.P. III, J.P., and V.M.**

**No. 22-0507** (Kanawha County 16-JA-510, 16-JA-511, and 16-JA-513)

**MEMORANDUM DECISION**

Petitioner Mother K.M.[1] appeals the Circuit Court of Kanawha County's June 1, 2022, order terminating her parental rights to G.P. III, J.P., and V.M.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner became involved in this child abuse and neglect matter in August of 2021 when the DHHR filed a third amended petition[3] alleging extreme maltreatment, negligent treatment, exposure to domestic violence, substance abuse, and periodic failure to provide financial support and necessities. The petition further alleged, among other things, that petitioner rarely visited V.M., who was staying with his grandmother, and that she held J.P. down and called her a "bitch." Finally, the petition alleged that petitioner was recently incarcerated[4] for possession with intent to distribute. Later, the DHHR filed another amended petition detailing an earlier incident in which G.P. III was found wandering along a busy street—barefoot, dirty, and alone. Moreover, the petition stated that petitioner could not control G.P. III, frequently had no knowledge of G.P. III's whereabouts, and subjected both G.P. III and J.P. to an inappropriate living environment, as they lived with petitioner's boyfriend whose parental rights to his own children were terminated.

---

[1]Petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Steven R. Compton. Bryan B. Escue appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Petitioner failed to include any of the earlier petitions in the appendix record on appeal.

[4]Although not readily apparent from the record, it appears petitioner was released on probation prior to the filing of the third amended petition.

At the outset, the court ordered petitioner to submit to random drug screens and conditioned additional services on her cooperation, yet petitioner failed to comply. Further, petitioner failed to attend her adjudicatory hearing held in February of 2022, though she was represented by counsel. Upon the evidence and testimony presented at the adjudicatory hearing, the court found that petitioner engaged in illegal drug use, lacked stability due to unemployment and inappropriate housing, failed to provide financially for the children, and had not cooperated with services or the proceedings. As such, the court concluded that petitioner was a neglectful and abusive parent.

At the dispositional hearing held in May of 2022, the DHHR introduced testimony regarding petitioner's failure to maintain communication with the DHHR and her failure to comply with mandatory drug screening, noting that petitioner only screened once throughout the entirety of the proceedings—mere days before the hearing. Petitioner also testified. By her own admission, she refused to drug screen, used methamphetamine as late as February of that year, was unemployed, still lived with her boyfriend despite that being deemed an inappropriate placement for the children, and only signed up for online parenting and anger management classes a week prior. Based on the evidence presented, the circuit court denied petitioner's motion for a post-adjudicatory improvement period, finding that petitioner did not qualify for an improvement period as she failed to meet the threshold of compliance with services, noting her refusal of offered services and failure to follow through with her case plan. Additionally, the court found that petitioner had not truly made any effort to rectify the circumstances that led to the filing of the petition. Consequently, the court concluded there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the foreseeable future, that there was not a less restrictive alternative than the termination of petitioner's parental rights, and that termination was in the best interest of the children. Accordingly, the circuit court terminated petitioner's parental rights to all three children.[5] Petitioner appeals from the court's dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying her request for an improvement period, stressing that she recently submitted to drug screening and had signed up for parenting and anger management classes. We find no error. To obtain an improvement period under West Virginia Code § 49-4-610, the parent must first demonstrate that he or she is likely to fully participate in the improvement period. Simply put, the record shows that petitioner refused to comply with court-ordered drug screening, continued to abuse substances throughout much of the case, and failed to obtain gainful employment or appropriate housing. While it may be true that petitioner submitted to one drug screen and signed up for parenting and anger management classes, such efforts constituted a half-hearted attempt to demonstrate compliance mere days before disposition. Importantly, "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *In re Cecil T.*, 228 W. Va. 89, 98, 717 S.E.2d 873, 882

---

[5]All parents' parental rights have been terminated to G.P. III and J.P. V.M.'s father voluntarily relinquished his custodial rights. The permanency plan for V.M. is guardianship in the current placement, while the permanency plan for J.P. is adoption in the current placement. According to respondents, the circuit court and parties are currently identifying a permanency placement for G.P. III that can accommodate that child's extensive behavioral issues.

2

(2011). Further, the circuit court has the discretion to deny a motion for an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Here, based on petitioner's active noncompliance, the circuit court found improvement unlikely. As such, we find no error in the circuit court's decision to deny petitioner's motion for an improvement period.

Petitioner also argues that the circuit court erred in terminating her parental rights given that a less-restrictive alternative was available. Specifically, petitioner asserts that legal guardianships would have been more appropriate given that two of the children were enrolled in behavioral treatment programs and the third was in the care of a relative, again stressing that she just needed time to improve. We disagree, as the same facts and evidence that support the circuit court's denial of petitioner's improvement period also support termination of her parental rights. The fact remains that petitioner had the entirety of the case to demonstrate that she could correct the conditions of abuse and neglect, yet she refused offered services, failed to attend hearings, and had yet to begin any of the online classes. Because the circuit court made the requisite findings based upon ample evidence to support termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 1, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: May 2, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**DISSENTING:**

Justice John A. Hutchison
Justice C. Haley Bunn

3

BUNN, Justice, dissenting, joined by Justice Hutchison:

I respectfully dissent to the majority's resolution of this matter because I would have vacated the circuit court's order and remanded the case for entry of an adjudicatory order, and further proceedings as warranted by the circuit court's adjudication. During the underlying abuse and neglect proceedings, the circuit court failed to enter an order adjudicating Petitioner Mother as an abusive and/or neglectful parent prior to holding a dispositional hearing and entering a dispositional order terminating her parental rights. "[A]n adjudicatory hearing [is] a prerequisite to a final disposition of the abuse and neglect proceeding," *In re I.M.K.*, 240 W. Va. 679, 688, 815 S.E.2d 490, 499 (2018) (footnote omitted), with such adjudication providing the basis for the court's continuing jurisdiction to reach the dispositional phase of the case. *See State v. T.C.*, 172 W. Va. 47, 50, 303 S.E.2d 685, 688 (1983) ("The primary purpose of making an initial finding of abuse or neglect is to protect the interest of all parties and to justify the continued jurisdiction under W. Va. Code, 49-6-1 [now W. Va. Code § 49-4-601], *et seq.*").

A written order is statutorily required to memorialize the circuit court's rulings from the adjudicatory hearing to guide the conduct of the dispositional hearing. *See* W. Va. Code § 49-4-601(i) ("At the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether the child is abused or neglected and whether the respondent is abusing, neglecting, or, if applicable, a battered parent, *all of which shall be incorporated into the order of the court*." (emphasis added)). *Accord* W. Va. R. P. Child Abuse & Neglect Proceeds. 27 ("*The court shall enter an order of adjudication*, including findings of fact and conclusions of law[.]" (emphasis added)).

Here, although no adjudicatory order was entered, the circuit court nevertheless proceeded to the dispositional stage of the proceedings. This premature disposition of the case was clearly error because the circuit court failed to follow the process established for the orderly conduct of abuse and neglect proceedings. *See* Syl. pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001) ("Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order."). This failure to follow the proper procedure for adjudication warrants vacation of the circuit court's dispositional order, not its approval by affirmance. For these reasons, I respectfully dissent.

4